IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRAPHIC ARTS INDUSTRY JOINT PENSION TRUST; <br> LAWRENCE MARTINEZ, Trustee; and <br> VIRGIL W. WRIGHT, Trustee <br> 1900 L Street, N.W. <br> Washington, D.C. 20036, <br>     Plaintiffs, <br>         v. <br> UNIONS AMERICA. COM <br> 3002 NE 112th Street, Suite D <br> Vancouver, WA 98682 <br>     Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs Graphic Arts Industry Joint Pension Trust (hereinafter referred to as the "Trust"), and two of its Trustees, Lawrence Martinez and Virgil W. Wright, complaining of the Defendant, allege as follows:

**I.**

**JURISDICTION**

1. This is an action to collect delinquent payments to a multi-employer pension plan subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1000 et

seq. ("ERISA"). This Court has jurisdiction over the action under §502 of ERISA, 29 U.S.C. §1132.

## II.

## **THE PARTIES**

2.   The Plaintiff Trust is established pursuant to agreements between Local 767-M of the Graphic Communications International Union, AFL-CIO, CLC, and Unions America.Com, as well as other companies, in order to provide for pensions, disability and related benefits to employees covered by collective bargaining agreements between Local Unions and Companies.  The Trust was and is an employee benefit plan within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3), and was and is controlled and managed by certain fiduciaries within the meaning of §402 of ERISA, 29 U.S.C. §1102, and was and is engaged in providing benefits on behalf of covered employees, as provided by the contract between Local 767-M and the Defendant.  Its principal place of business for such purposes is in the District of Columbia.  Plaintiffs Lawrence Martinez and Virgil W. Wright are Co-Chairmen of the Board of Trustees of the Trust.

3.   Upon information and belief, the Defendant, Unions America.Com is a State of Washington corporation engaged in the business of commercial printing, maintaining its business at 3022 NE112th Street, Suite D, Vancouver, Washington 98682.  Defendant was

and is an employer within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5).

### III.

### CLAIM FOR RELIEF

4. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 3 above, as if fully set forth.

5. Local 767-M of the Graphic Communications International Union, AFL-CIO, CLC, as the collective bargaining representative of certain employees employed by Defendant, entered into and maintained a written collective bargaining agreement at all times relevant hereto.

6. The current collective bargaining agreement between the Defendant and Local 767-M provides that the Defendant shall make monthly periodic contributions on behalf of its covered employees to the Trust.

7. Commencing in November 2002, Defendant became delinquent in paying monthly contributions to the trust in breach of the terms of the collective bargaining agreement and the terms of the Agreement and Declaration of Trust on behalf of the Trust.  The Declaration of Trust permits the Trustees to assess interest and establish liquidated damages on delinquent amounts and entitles the Trustees to recover all expenses of collection and reasonable attorneys' fees.  Interest is assessed at the rate of prime plus

two percent (2%) per annum or 8%, whichever is greater, and liquidated damages are set at twenty percent (20%) of the unpaid contributions or at an amount equal to the interest, whichever is greater.

8.  Based on figures in the Trust's possession, it is estimated that the principal amount owed by the Defendant to the Trust for the months of November 2002 through May 2003 is $6,300.00 plus interest, liquidated damages, costs and attorneys' fees.

9.  By becoming delinquent in its contributions to the Trust, the Defendant has violated §515 of ERISA, 29 U.S.C. §1145.

**WHEREFORE,** the Plaintiffs pray that this Court enter judgment in their favor and against Defendant Unions America in the amount of $6,300.00 plus amounts for any delinquencies subsequent to the filing of this case but prior to entry of a final order, plus interest, liquidated damages, costs and reasonable attorneys' fees and such other relief as the Court deems proper.

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _____
Martin R. Ganzglass
1900 L Street, N.W.
Suite 707
Washington, D.C.  20036
(202) 898-1824
D.C. Bar 024 174